IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID SALASKY, II                    )
                                     )
         Plaintiff,                  )
                                     )
    v.                               ) Civ. No. 12-1068-SLR
                                     )
TRINA HERRON-DAVIS, et al.,          )
                                     )
         Defendants.                 )

**MEMORANDUM ORDER**

At Wilmington this $\underline{5^{th}}$ day of September, having considered plaintiff's request for counsel (D.I. 8);

IT IS ORDERED that the request for counsel (D.I. 8) is **denied** without prejudice to renew for the following reasons:

1. Plaintiff David Salasky, II, a pretrial detainee inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been allowed to proceed in forma pauperis. (D.I. 3)

2. Plaintiff requests counsel on the grounds that he is mentally ill and cannot possibly know and execute the things needed to conduct civil litigation. In addition, he states that he is on powerful medication, has been diagnosed with schizophrenia and bipolar disorder, and has a ninth grade education. (D.I. 8)

3. Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of

Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2), whether a pro se litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

4. The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

5. In the instant action, plaintiff makes bald allegations of mental illness, and he has not submitted any verifiable evidence of incompetence to this court. Thus, this court has no duty to conduct a sua sponte determination of competency under Rule 17(c)(2).

6. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

7. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

8. After reviewing plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate plaintiff's' ability to articulate his claims and represent himself.

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

3

The docket reflects that, upon dismissal of the complaint, plaintiff appropriately filed an amended complaint. In addition, he timely submitted USM-285 forms as ordered by the court. Thus, in these circumstances, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 8)

UNITED STATES DISTRICT JUDGE

4